# GERALD T. ZERKIN, ESQ.
## ATTORNEY-AT-LAW

P.O. Box 5665　　　　　　　　　　　　　　　　　　　　　　　　　(804) 921-4885  
RICHMOND VA 23220　　　　　　　　　　　　　　　　　　　zerkingt@msn.com

March 31, 2024

The Honorable Nwamaka Anowi, Clerk  
U.S. Court of Appeals for the Fourth Circuit  
1100 East Main Street, Suite 501  
Richmond, Virginia 23219

RE: United States v. Randy Banks, Case No. 19-4620

Dear Ms. Anowi:

　　Pursuant to Rule 28(j) of the Rules of Appellate Procedure, on behalf of Appellant Banks, I wish to bring three cases to the Court's attention: *United States v. Lopez,* 219 F.3d 343 (4th Cir. 2000); *United States v. Burks*, 784 Fed. Appx. 821, 2019 U.S. App. LEXIS 25951, 2019 WL 4049857 (2d Cir., Aug. 28, 2019); and *United States v. Shonubi*, 998 F.2d 84, 89-90 (2d Cir. 1993).

　　In *Lopez*, the Court reversed drug weight determinations because the testimony was "conflicting and imprecise." 219 F.3d at 348. And, in *Burks*, the Court reversed because the "court did not adequately describe how it inferred quantity." As is the case here, the court had improperly extrapolated quantity based on imprecise calculation of sales. *United States v. Shonubi,* 998 F.2d 84, 90 (2d Cir. 1993). "To support a drug quantity approximation, courts must rely on evidence that 'points specifically to a drug quantity for which the defendant is responsible.' *United States v. Shonubi*, 103 F.3d 1085, 1090 (2d Cir. 1997)." *Burks*, 2019 U.S. App. LEXIS 25951, *7-8.

　　Finally, in *Shonubi,* 998 F.2d at 89-90, the Court stated, "Although they support the conclusion that Shonubi smuggled heroin on occasions other than . . . the day he . . . was arrested, there is simply no proof he imported 427.4 grams of heroin on each of his seven other trips. Case law uniformly requires specific evidence--e.g., drug records, admissions or live testimony--to calculate drug quantities for sentencing purposes . . . ."

　　Each of these cases support Banks' argument at pages 87-89 of Defendants/Appellants' Opening Brief, and at pages 24-25 of their Reply Brief, that "The District Court's Sentencing Determinations For Banks Were Procedurally Unreasonable."

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/Gerald T. Zerkin*  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Gerald T. Zerkin