# GERALD T. ZERKIN, ESQ.
## ATTORNEY-AT-LAW

P.O. Box 5665  
RICHMOND VA 23220

(804) 921-4885  
zerkingt@msn.com

April 9, 2024

The Honorable Nwamaka Anowi, Clerk  
United States Court of Appeals for the Fourth Circuit  
1100 East Main Street, Ste. 501  
Richmond VA 23219

RE: <u>United States v. Randy Banks, Case No. 19-4620</u>

Dear Ms. Anowi:

    Pursuant to Rule 28(j) of the Rules of Appellate Procedure, on behalf of Appellant Banks, I wish to bring the following case to the Court's attention: *United States v. Tillmon,* 954 F.3d 628, 640-641 (4th Cir. 2019).

    This Court preliminarily stated, "Tillmon's arguments misapply the relevant appellate standards. Some of his contentions ask the Court to assume the role of the jury and revisit credibility determinations to decide between competing evidence. However, the jury was not required to believe Tillmon's defense . . . . *E.g., United States v. Burgos*, 94 F.3d [849] 862 [(4th Cir. 1996)] ("[T]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe."

    The Court then discussed the difference between offense elements in drug cases, which must be found by a jury beyond a reasonable doubt, and the evidence supporting those elements, which the jury may consider collectively. As to the latter, the Court stated, "[Tillmon's] arguments are grounded primarily in reweighing the credibility of witnesses and choosing between different interpretations of conflicting evidence, *all of which is squarely in the province of the jury . . . .*" (Emphasis added).

    *Tillmon* supports Banks' argument at pages 88 of Defendants/Appellants' Opening Brief that the trial judge violated the jury verdict when she relied on the 500-gram drug transaction that the jury, by its verdict of "less than 280 grams," had unquestionably rejected. Since that was a finding of fact, not a finding of an offense element, the "proof beyond a reasonable doubt" standard did not apply and the judge's contrary finding cannot be justified as being based on a lower standard of proof.

Sincerely,

*/s/Gerald T. Zerkin*  
Gerald T. Zerkin